UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:12CR-31-GNS

SCOTT E. YORK                                                                  MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant/Defendant Scott E. York ("York") filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255[1] (DN 31). The motion is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons that follow, the § 2255 motion will be denied.

## I.

The record reflects that, pursuant to a Rule 11(c)(1)(B) plea agreement, York pleaded guilty to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) on May 29, 2013, and was sentenced, thereafter, to a total term of imprisonment of 46 months. The Judgment and Commitment Order was entered September 9, 2013, and York did not file an appeal. He filed the instant § 2255 motion on February 10, 2016.[2]

In his § 2255 motion, York asserts that "the Adjournment of the 80th Congress was on June 20, 1948 until December 31, 1948"; that "the Speaker of that House on June 22, 1948, Two

---

[1] York specifically brings his motion under § 2255(h), which pertains to a second or successive § 2255 motion. As this is York's first § 2255 motion, § 2255(h) is inapplicable.

[2] Under the prison mailbox rule, the § 2255 motion is deemed filed when presented to prison officials for mailing. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). York does not indicate the date he placed his § 2255 motion in the prison mailbox, but the United States Penitentiary in which he is housed stamped the outside of the envelope as being "processed through special mailing procedures" on February 10, 2016. The Court, therefore, will use this as the date of filing.

days after that adjournment, signed Bills and one of those Bills was H.R. 3190"; that "Mr. LeCompte presented to the President for his approval Bill H.R. 3190 on June 23, 1948"; and that the "President notified the Clerk of the House that he had approved and signed those Bills and on June 25, 948 H.R. 3190 was approved and signed five days after Congress adjourned." (emphasis omitted). He states that "if Congress adjourns before the President of the United States can return the bills within ten days that the Constitution allows, those bills shall not be a Law[.]" (emphasis omitted). York argues:

> [T]he 80th Congress by their adjournment prevented the President from having ten days to consider those Bills and to return them to a Congress in session, and therefore the Bill H.R. 3191 is a Constitutionally invalid law and I should be, no, must be granted immediate release from prison and my record expunged because this court is bound and commanded by the Constitution in Article I, §§ 1, 7 that a bill does not become a Law if the adjournment of Congress prevents the President from considering and returning the Bill.
>
> . . . .
>
> How can someone be guilty of a crime if the Bill that creates that crime was prevented from being returned to a Congress in session by their adjournment. I can't be guilty, therefore this court must obey the Constitution and rule that H.R. 3190 was not Constitutionally enacted in accordance with Article I, §§ 1, 7 of the Constitution of the United States.

(emphasis omitted).

## II.

The Court initially observes that there is a one-year limitations period for filing a § 2255 motion, *see* § 2255(f), and that it appears that York's motion is time-barred. Because York's § 2255 motion fails on the merits, however, the Court need not consider its timeliness.

As to York's claim that "Bill H.R. 3191 is a Constitutionally invalid law," in *United States v. Rowe*, a case out of the Eastern District of Kentucky, the defendant argued, like York, that "the procedure utilized to enact H.R. 3190 as Public Law 80-772 was unconstitutional and,

2

thus, the law as codified in Title 18—the federal criminal code—is invalid." *United States v. Rowe*, No. 10-19-KKC-REW-1, 2016 WL 3180421, at *1 (E.D. Ky. June 7, 2016). Specifically, the defendant asserted "that the 80th Congress' temporary adjournment on June 20, 1948, prevented the Speaker of the House from validly signing the Bill on June 22, 1948, and, thus, the President could not have complied with Article I's sign, consider, and return requirements." *Id.* The court advised that "[e]very court that has been faced with a challenge to the validity of Title 18 and its predecessor H.R. 3190 has found the enactment constitutional" and indicated that "[i]n 2007, the Seventh Circuit had occasion to address the same argument Defendant now raises. The Court's two sentence order aptly summarizes the tenor of courts' reactions to this theory: 'This case is unbelievably frivolous. We AFFIRM.'" *Id.* (quoting *United States v. States*, 242 F. App'x 362, 363 (7th Cir. 2007)).

In a previous case arising out of this Court, a movant argued "that Public Law 80-772 is invalid and, accordingly, the district court lacked jurisdiction to accept his guilty plea, or to sentence him." This Court dismissed the claim as follows:

> This particular claim is new to the Western District of Kentucky, but appears to be gaining popularity among the federal prison population. This Court is uncertain why, because every court that has dealt with this issue and either published its decision or made it available via Westlaw or Lexis, has soundly rejected arguments indistinguishable from those presented by Mr. Centeno. *See, e.g.*, *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 926, 966 (W.D. Mo. 2008)(citing and summarizing the myriad federal circuit and district court decisions rejecting the arguments now presented by Mr. Centeno). Although there is no Sixth Circuit decision directly on point, this Court predicts with a reasonable degree of certainty that the Sixth Circuit, like this Court, would agree with the reasoning of its sister circuits and several lower district courts that the jurisdictional arguments raised by Mr. Centeno utterly lack merit. Accordingly, this line of attack on his conviction and sentence provides no supportable basis for habeas relief.

3

*United States v. Centeno*, No. 3:02CR-00066-R, 2009 WL 260800, at *2 (W.D. Ky. Feb. 4, 2009). [3]

This Court agrees with all of the other courts that have addressed the claim that H.R. 3191 is constitutionally invalid and, therefore, finds York's claim to be without merit. For this reason, the § 2255 motion will be denied.

### III.

An individual who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[3] In *United States v. Felipe*, the defendant argued that "Public Law No. 80-772, the law that bestowed jurisdiction over violations of federal crimes on the federal district courts, was allegedly not enacted in a constitutional manner." The Eastern District of Pennsylvania found the allegations to be "without a shred of validity" and explained as follows:

> There was no *sine die* recess between the votes of the House and Senate[, *see* Black's Law Dictionary (10th ed. 2014) (To adjourn *sine die* means "[t]o end a deliberative assembly's or court's session without setting a time to reconvene.")]; rather, there was an inter-session adjournment between these events. The House of Representatives passed Public Law 80-772 in the first session of the 80th Congress, while the Senate passed Public Law 80-772 during the second session of that Congress. This recess, however, was an inter-session, not a *sine die*, recess. Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. Thus, Public Law 80-772 was passed by both houses before a sine die recess was called and, therefore, was properly enacted.

*United States v. Felipe*, No. CIV.A.07-CV-061, 2007 WL 2207804, at *2 (E.D. Pa. July 30, 2007) (citations and internal citations omitted).

claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. "When," however, "the district court denies a [] petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration, the Court is satisfied that no jurists of reason would find its ruling debatable or wrong.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: August 9, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Movant/Defendant, *pro se*
United States Attorney
4416.005